UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANGUARD CAR RENTAL USA, LLC, )<br>ENTERPRISE RENT-A-CAR COMPANY )<br>OF BOSTON, LLC, and CAMRAC, LLC, )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff, the United States of America, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## INTRODUCTION

1. This is a civil action brought against Vanguard Car Rental USA, LLC ("Vanguard"), Enterprise Rent-A-Car Company of Boston, LLC, ("Enterprise Boston") and Camrac, LLC ("Camrac"), (collectively "the defendants"), pursuant to Sections 113(a)(1) and 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7413(a)(1) and 7413(b), seeking injunctive relief and civil penalties.

2. The claims arise from the defendants' failure to comply with federally enforceable vehicle idling regulations found at 310 Code of Massachusetts Regulations ("CMR") § 7.11(1)(b) (the "Massachusetts idling regulation"), and the Regulations of Connecticut State

Agencies ("RCSA") § 19-508-18(a)(5) (the "Connecticut idling regulation"). The Massachusetts idling regulation prohibits the unnecessary operation of the engine of a motor vehicle while the vehicle is stopped for a period of time in excess of five minutes. The Connecticut idling regulation prohibits the operating of a mobile source not in motion for more than three minutes.

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b) and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in this district pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b); 28 U.S.C § 1391; and 28 U.S.C. § 1395, because the violations occurred in this district and/or the defendants are located and do business in this district.

5. Notice of Commencement of this action has been given to the Commonwealth of Massachusetts and the State of Connecticut pursuant to Section 113(a)(1) of the CAA, 42 U.S.C. § 7413(a)(1).

**DEFENDANTS**

6. Vanguard is a corporation registered with the State of Delaware. It is headquartered at 600 Corporate Park Dr., St. Louis, MO 63105, and does business within the Commonwealth of Massachusetts and the State of Connecticut.

7. Enterprise Boston is a corporation registered with the State of Delaware. It is headquartered at 3A Enterprise Rd., Billerica, MA 01821-5735, and does business within the Commonwealth of Massachusetts and the State of Connecticut.

8. Camrac is a corporation registered with the State of Delaware. It is headquartered at 8 Ella Grasso Turnpike, Windsor Locks, CT, 06096-1015, and does business within the Commonwealth of Massachusetts and the State of Connecticut.

9. The defendants are all a person within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e); 310 C.M.R. § 7.00; and RCSA § 19-508-18(a).

**FIRST CLAIM FOR RELIEF**

10.   Sections 113(a)(1) and 113(b) of the CAA, 42 U.S.C.7413(a)(1) and (b), provide for injunctive relief and the assessment of civil penalties for violations of any provision of an applicable state implementation plan or permit.  The provisions of the Commonwealth of Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) is part of a federally enforceable state implementation plan approved by the EPA under Section 110 of the CAA, 42 U.S.C. § 7410.

11.   The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) provides:

> No person shall cause, suffer, allow, or permit the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes.  This regulation shall not apply to:
>
> > (1) vehicles being serviced, provided that the operation of the engine is essential to the proper repair thereof, or
> >
> > (2) vehicles engaged in the delivery or acceptance of goods, wares, or merchandise for which engine assisted power is necessary and substitute alternate means cannot be made available, or
> >
> > (3) vehicles engaged in an operation for which engine power is necessary for an associated power need other than movement and substitute alternate power means cannot be made available provided that such operation does not cause or contribute to a condition of air pollution.

12.  The defendants operate motor vehicles, including shuttle buses, at car rental facilities in the Commonwealth of Massachusetts, including one at Logan Airport in East Boston, Massachusetts.  The defendants operate shuttle buses at their Logan Airport facility to transport customers between their car rental facility and the airport terminals.

13.   On February 14, February 22, March 1, March 8, March 15, March 21, March 30, April 6, April 12, and April 27, 2006, an EPA inspector observed at the defendants' facility at Logan Airport in East Boston, Massachusetts, shuttle buses idling in excess of five minutes.

14. On June 20, 2006, February 21, 2007, February 27, 2007, and March 12-16, 2007, EPA's inspector again observed shuttle buses idling in excess of five minutes at the defendants' Logan Airport facility.

15. On June 16, 2006 and January 22, 2010, EPA issued to the defendants Notices of Violation ("NOV") under the authority of Section 113(a)(1) of the Clean Air Act, 42 U.S.C. § 7413(a)(1), concerning the violations alleged in this Complaint.

16. A bus, including the shuttle buses at issue here, is defined as a "motor vehicle" under 310 C.M.R. § 7.00.

17. The defendants caused, suffered, allowed or permitted their motor vehicles to operate unnecessarily while those vehicles were stopped for a foreseeable period of time in excess of five minutes. The operation of the engines of its shuttle buses did not occur within any purpose authorized by 310 C.M.R. § 7.11(1)(b).

18. Therefore, the defendants violated 310 C.M.R. § 7.11(1)(b), an applicable state implementation plan provision, numerous times during 2006 and 2007.

19. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. Part 19, the defendants are liable for a civil penalty of up to $32,500 per day for each violation that occurred March 16, 2004 through January 11, 2009, and up to $37,500 per day for each violation that occurred on or after January 12, 2009.

## SECOND CLAIM FOR RELIEF

20. Sections 113(a)(1) and 113(b) of the CAA, 42 U.S.C.7413(a)(1) and (b), provide for injunctive relief, and the assessment of civil penalties, for violations of any provision of an applicable state implementation plan or permit. The provisions of the State of Connecticut idling

regulation at RCSA § 19-508-18(a)(5) is part of a federally enforceable state implementation plan approved by the EPA under Section 110 of the CAA, 42 U.S.C. § 7410.

21. The Connecticut idling regulation at RCSA § 19-508-18(a)(5) provides:

> No mobile source engine shall be allowed to operate for more than three (3) consecutive minutes when the mobile source is not in motion except as follows:
>
> (i) When a mobile source is forced to remain motionless because of traffic conditions or mechanical difficulties over which the operator has no control;
>
> (ii) When it is necessary to operate heating, cooling or auxiliary equipment installed on the mobile source when such equipment is necessary to accomplish the intended use of the mobile source;
>
> (iii) To bring the mobile source to the manufacturer's recommended operating temperature;
>
> (iv) When the outdoor temperature is below twenty (20) degrees Fahrenheit;
>
> (v) When the mobile source is being repaired.

22. The defendants operate rental car facilities in the State of Connecticut, including one at the Bradley Field Airport in Hartford, Connecticut. The defendants operate shuttle buses at their Bradley Field Airport facility to transport customers between their car rental facility and the airport terminals.

23. On February 22, 2007, EPA's inspector observed the defendants shuttle buses idling in excess of three minutes at the Bradley Field Airport in Hartford, Connecticut.

24. On January 22, 2010 EPA issued to the defendants a Notice of Violation ("NOV") under the authority of Section 113(a)(1) of the Clean Air Act, 42 U.S.C. § 7413(a)(1), concerning the violations observed on February 22, 2007 at the Bradley Field Airport facility.

25. A bus is a "mobile source" under RCSA § 19-508-18(a).

26. The defendants allowed their mobile sources to operate for more than three (3) consecutive minutes when the mobile source was not in motion. The operation of the engines of its shuttle buses did not occur within any purpose authorized by RCSA § 19-508-18(a)(5)(i-v).

27. Therefore, the defendants violated RCSA § 19-508-18(a)(5), an applicable state implementation plan provision, in 2007.

28. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. Part 19, the defendants are liable for a civil penalty of up to $32,500 per day for each violation that occurred March 16, 2004 through January 11, 2009, and up to $37,500 per day for each violation that occurred on or after January 12, 2009.

## **RELIEF SOUGHT**

Plaintiff, the United States of America, respectfully requests that the Court grant the following relief:

1. Permanently enjoin the defendants from idling any motor vehicles in violation of 310 C.M.R. § 7.11(1)(b).

2. Permanently enjoin the defendants from idling any motor vehicles in violation of RCSA § 19-508-18(a)(5).

3. Assess the defendants a civil penalty for each violation of the Clean Air Act;

4. Award the United States all costs and disbursements of this action; and

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

ELLEN MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Divsion
U.S. Department of Justice


 /s Tyler Tarrant
TYLER TARRANT
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044
(202) 514-3483

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

OF COUNSEL:

THOMAS T. OLIVIER
Senior Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Boston, MA 02114
(617) 918-1737